HON. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION

| | |
|---|---|
| DIXIE ZIEGLER, an individual, | ) |
| Plaintiff, | ) No. _____ |
| v. | ) NOTICE OF REMOVAL TO |
| JP MORGAN CHASE BANK, N.A., | ) FEDERAL COURT |
| Defendant. | ) |

Defendant JPMorgan Chase Bank, N.A. ("**Chase**"), by and through its undersigned counsel, hereby removes the above-captioned action, currently pending in the Superior Court of Washington for Spokane County, to the United States District Court for the Eastern District of Washington. Removal is based on 28 U.S.C. §§ 1331 (federal question jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction) and authorized by 28 U.S.C. §§ 1441 and 1446. As grounds for removal, Chase states:

NOTICE OF REMOVAL TO FEDERAL COURT - 1
No. _____

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

122006.0225/8129893.1

## I. BACKGROUND

1. On or about July 27, 2020, Plaintiff Dixie Ziegler ("**Plaintiff**") commenced this action by serving a copy of the complaint and summons (the "**Complaint**") on Chase.

2. On or about August 12, 2020, Plaintiff filed the complaint against Chase in the Superior Court of Washington for Spokane County, Cause No. 202-021-9732 (the "**State Court Action**").

3. In the Complaint, Plaintiff alleges claims for a violation of the federal Fair Credit Billing Act, 15 U.S.C. § 1666 *et seq.* ("**FCBA**"); a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("**FCRA**"); and Washington state law claims for a violation of the Consumer Protection Act, RCW Ch. 19.86 (**"CPA"**) and common law negligence.

## II. STATUTORY REQUIREMENTS

4. Removal of this case is proper pursuant to this Court's federal question jurisdiction under 28 U.S.C. § 1331, which provides federal district courts with original jurisdictions of all civil actions arising under the Constitution, laws, or treaties of the United States. Plaintiff's FCBA and FCRA allegation arises under the laws of the United States. *See* 15 U.S.C. § 1666 *et seq.* The Court possesses supplemental jurisdiction over Plaintiff's state law CPA and negligence claims under 28 U.S.C. § 1367 because they form the same case or controversy and derive from the same operative nucleus of fact.

5. Removal of this case is also proper pursuant to this Court's diversity

NOTICE OF REMOVAL TO FEDERAL COURT - 2
No. _____

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

122006.0225/8129893.1

jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Chase have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

    6.    <u>Citizenship of Parties.</u> The named parties are of completely diverse citizenships.

    a.    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

    b.    Plaintiff purports to be a citizen of Idaho. *See* Complaint ¶ 2.1.

    c.    A national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (rejecting view that a national bank is a citizen of every state in which it has a branch as a bank's access to a federal forum would then "be drastically curtailed in comparison to the access afford state banks).

    d.    The United States Court of Appeals for the Ninth Circuit has stated that Chase is a national bank with its main office located in Ohio, as designated in its Articles of Incorporation, making Chase a citizen of Ohio for purposes of diversity of citizenship. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413,

NOTICE OF REMOVAL TO FEDERAL COURT - 3
No. _____

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

122006.0225/8129893.1

416 n.1 (9th Cir. 2018) ("Because JPMC's main office is located in Ohio, JPMC is an Ohio citizen and is diverse as to [a California plaintiff.").

      e.      There is complete diversity allowing removal by non-resident Chase because 1) Plaintiff commenced the State Court Action in Washington State; 2) Plaintiff is a citizen of Idaho; and 3) Chase is a citizen of Ohio. 28 U.S.C. § 1441 *et seq.*; *Getty Oil Corp. v. Insur. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1998).

      7.      <u>Amount in Controversy.</u> Chase denies that Plaintiff is entitled to the relief sought in the Complaint; however, Plaintiff's allegations and requested relief place in controversy more than $75,000, exclusive of interests and costs. "The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (punitive damages may also be included). "In determining the amount in controversy, the court may consider whether it is 'facially apparent' from the complaint that the demand exceeds $75,000." *Matthiesen v. Autozone Stores, Inc.*, No. 2:15-CV-0080-TOR, 2015 WL 3453418, at *1 (E.D. Wash. May 29, 2015) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006)).

      8.      Treble damages may also be included in the amount in controversy. *See Trepanier v. Progressive Direct Ins. Co.*, 2012 WL 12882865, at *2 (W.D. Wash. Sept. 19, 2012). Plaintiff has included a claim under the Washington Consumer Protection Act, which authorizes treble damages up to $25,000. RCW

NOTICE OF REMOVAL TO FEDERAL COURT - 4
No. _____

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

122006.0225/8129893.1

1  19.86.090. Plaintiff also seeks attorney's fees and costs, which are authorized by
2  the Consumer Protection Act. *See* Complaint (Prayer for Relief). These fees may
3  be considered as well.

4  9.  The Court may rely on reported jury verdicts resulting from similar
5  causes of action for evidence when considering the amount in controversy.
6  *Republic Bag, Inc. v. Beazley Insur. Co.*, 804 Fed. Appx. 451, 452-53 (9th Cir.
7  2020). Jury awards in the Ninth Circuit for single-plaintiff cases under the Fair
8  Credit Reporting Act routinely exceed the amount in controversy threshold. *See,*
9  *e.g.*, *Sponer v. Wells Fargo Bank N.A.*, 3:17-cv-02035-HZ, 19 Or. Lit. Arb. Rpts.
10 300, 2019 WL 6710534 (D. Or. Aug. 27, 2019) (jury verdict of $101,000 for
11 willful violation of FCRA); *Kirkpatrick v. Equifax Info. Servs., LLC*, CV-02-
12 1197-MO, 20 Nat. J.V.R.A. 3:32, 2005 WL 6933715 (D. Or. Jan. 25, 2005) (jury
13 verdict of $210,000 for FCRA claim for failure to remove inaccuracies from
14 plaintiff's credit report); *Soghomonin v. Trans Union LLC*, 99 CV 5773 SMS,
15 JVR No. 420264, 2003 WL 25859527 (E.D. Cal. Dec. 2003) (jury verdict for
16 $939,900 for FCRA claim where defendant allegedly failed to correct false
17 records). *See also Howell v. Midway Holdings*, CIV 02-0962 PHX NVW, 2005
18 WL 1660269 (D. Ariz. June 8, 2005) (reporting settlement of FCRA and state
19 consumer fraud statute claims for $260,000).

20  10. Plaintiff seeks punitive damages in her Complaint. *See* Complaint
21 (Prayer for Relief). FCRA punitive damage awards frequently exceed the
22 jurisdictional threshold. *See Saunders v. Branch Banking & Tr. Co. of VA*, 526

NOTICE OF REMOVAL TO FEDERAL COURT - 5
No. _____

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

122006.0225/8129893.1

F.3d 142, 154 (4th Cir. 2008) (affirming $80,000 punitive damages award and an 80:1 ratio of punitive to actual damages where statutory damage recovery was slight); *Abner v. Kan. City S. R.R.*, 513 F.3d 154, 165 (5th Cir. 2008) (affirming punitive damages award of $125,000 and damages of $1); *Mathias v. Accor Econ. Lodging, Inc.*, 347 F.3d 672, 674–78 (7th Cir. 2003) (affirming $186,000 punitive damages award and compensatory damages of $5,000).

11. Based on the foregoing, the preponderance of evidence shows Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *See Anthony v. Security Pac. Finan. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383, 386-87 (10th Cir. 1994); *accord Michels v. Geico Ins. Agency, Inc.*, 2012 WL 5866448, at *2 (W.D. Wash. Nov. 19, 2012) (holding that amount in controversy satisfied where plaintiff sought recovery of $72,067, plus treble damages, attorney's fees and punitive damages pursuant to Washington Insurance Fair Conduct Act and the Consumer Protection Act).

### III.    PROCEDURAL REQUIREMENTS

12. <u>Removal to this Court is Proper</u>. Pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446(a), Chase files this Notice of Removal in the United States District Court for the Eastern District of Washington, which is the federal district court embracing the state court where Plaintiff has brought the State Court Action – the Superior Court for Spokane County, Washington. Venue is proper in this

NOTICE OF REMOVAL TO FEDERAL COURT - 6
No. _____

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

122006.0225/8129893.1

district pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1391(a), and 28 U.S.C. § 128(b).

13. <u>Removal is Timely</u>. The Complaint was received by Chase on July 27, 2020. Chase has filed this Notice within 30 days after receipt or service of the Complaint in the State Court Action, and as such, removal is timely. *See* 28 U.S.C. § 1446(b)(2)(B).

14. <u>Consent</u>. Chase is the only defendant in this action; therefore, consent of other defendants to removal of the State Court Action is not required.

15. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

16. <u>Signature</u>. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

17. <u>Pleadings and Process</u>. A true and correct copy of the current docket sheet in the State Court Action and all filed documents are attached to the Declaration of Per Jansen in Support of Notice of Removal to Federal Court as <u>Exhibits A and B</u>. *See* 28 U.S.C. § 1446(a). Chase has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

18. <u>Notice</u>. Chase will promptly serve Plaintiff and file with this Court their Notice to Plaintiff of Removal, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. §§ 1446(a), (d). Chase will also promptly

NOTICE OF REMOVAL TO FEDERAL COURT - 7
No. _____

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

122006.0225/8129893.1

1   file with the Clerk of the Superior Court of Washington for Spokane County, and
2   serve on Plaintiff, a Notice to Clerk of Removal to Federal Court, pursuant to 28
3   U.S.C. § 1446(d).

4       19.    In the event Plaintiff seeks to remand this case, or the Court
5   considers remand *sua sponte*, Chase respectfully requests the opportunity to
6   submit such additional argument or evidence in support of removal as may be
7   necessary.

8       WHEREFORE, this action should proceed in the United States District
9   Court for the Eastern District of Washington, as an action properly removed
10  thereto.

11      DATED: August 20, 2020.

LANE POWELL PC

By  *s/ Pilar C. French*
     Pilar C. French
     WSBA No. 33300
     frenchp@lanepowell.com

By  *s/ Per D. Jansen*
     Per D. Jansen
     WSBA No. 49966
     jansenp@lanepowell.com

1420 Fifth Ave, Ste. 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

NOTICE OF REMOVAL TO FEDERAL COURT - 8
No. _____

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

122006.0225/8129893.1

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on August 20, 2020, I caused to be served a copy of the attached document to the following person(s) in the manner indicated below at the following address(es):

Kirk Miller
Law Office of Kirk D. Miller PS
421 W. Riverside Ave #660
Spokane, WA 99201
Email: kmiller@millerlawspokane.com

- ☐ **by CM/ECF**
- ☑ **by Electronic Mail**
- ☐ **by Facsimile Transmission**
- ☐ **by U.S. First Class Mail**
- ☑ **by Hand Delivery**
- ☐ **by Overnight Delivery**

DATED: August 20, 2020

*s/ Kathi Milner*
Kathi Milner, Legal Assistant

NOTICE OF REMOVAL TO FEDERAL COURT - 9
No.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

122006.0225/8129893.1